IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE



Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

|  |  |  |
|---|---|---|
| ELLEN GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-CV-181 |
| | ) | |
| STOKES & CLINTON, PC | ) | **JURY OF 12 DEMANDED** |
| | ) | Jordan/Guyton |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

### Summary of the Action

1.     This action is for damages arising out of Defendant's violation of the Fair

Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. §§1692e(5) and 15

U.S.C. 1962e(10), in Defendant's efforts to collect an alleged consumer debt.

### Jurisdiction and Venue

2.     This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §

1692k(d) as this is an action arising under federal law, and, specifically, under the

FDCPA.

3.     Venue in this District is proper because Plaintiff resides in this District,

Defendant directed illegal communications violative of the Fair Debt Collection Practices

Act into this District and, upon information and belief, the Defendant engages in business

in this District by seeking to collect debts owed by persons located in this District.

### Parties

4.     Plaintiff is an individual resident of Roane County, Tennessee.

5.     Defendant Stokes & Clinton, PC ( hereafter "Defendant") is a private, non-governmental professional corporation organized in the State of Alabama and is, upon information and belief, engaged in the business of debt collection, with a principal place of business at 1000 Downtowner Boulevard, Mobile, Alabama, 36691.   Upon information and belief, Stokes & Clinton may be served by service through the Tennessee Secretary of State by certified mail addressed to Paul Clinton, registered agent for Defendant, at 1000 Downtowner Boulevard, Mobile, AL 36609.

6.     Upon information and belief, at the time of the events complained of herein, Defendant regularly collected or attempted to collect, directly or indirectly, obligations or alleged obligations of consumers to pay money arising out of transactions in which the money, property, insurance or services which were the subject of the transaction were obtained primarily for personal, family, or household purposes, and which obligations were owed or due or asserted to be owed or due to a person other than Defendant.

7.     Attached hereto as Exhibit A is a printout of a page on Defendant's website describing Defendant's debt collection activities.

8.     In other words, at the time of the events complained of herein, Defendant was a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

## Facts

9.     Defendant attempted to collect upon an alleged debt that Plaintiff allegedly owes to Woman Within ("Debt").

10.     This Debt was allegedly incurred by Plaintiff for personal, family, or household purposes.

11.     Specifically, upon information and belief, Woman Within and Defendant assert that Plaintiff purchased day planners for personal use from Woman Within, and allegedly owes Woman Within for those day planners.

12.     Defendant sent a letter dated August 16, 2010 ("Letter") to Plaintiff in an attempt to collect the Debt, a copy of which is attached hereto as Exhibit B.

13.     Defendant violated 15 U.S.C. § 1692e(5) and U.S.C. § 1692e(10) by sending Plaintiff the Letter because Defendant did not intend to file suit against Plaintiff if Plaintiff did not pay the Debt.

14.     Indeed, Plaintiff did not pay the debt and over 6 months has passed, and Defendant has not sued Plaintiff.

15.     Further, upon information and belief, at the time of the sending of the Letter Defendant did not employ any attorneys licensed to practice law in Tennessee and therefore, could not sue Plaintiff, nor upon information and belief, did Defendant intend to hire any Tennessee attorney employee so as to be authorized to file suit in Tennessee.

16.     Upon information and belief, Defendant also did not intend to cause the alleged creditor, Woman Within, to file suit against Plaintiff (either with or without Defendant as Woman Within's lawyer), and Defendant had no reasonable basis for believing that Woman Within would authorize a lawsuit against Plaintiff.

17.     However, despite having no intention to sue Plaintiff, Defendant knew (and hoped) that the language in its Letter could and/or would be interpreted by the Plaintiff (and hundreds of other consumers to whom nearly identical letters were sent) as an implicit threat that the debtor would be sued if payment was not made.

18.     Specifically, Defendant implied in the Letter that Plaintiff could or would be sued with or without further notice to Plaintiff by (A) stating in the letter that Defendant was a law firm, (B) stating that Plaintiff had 30 days to dispute the debt, and (C) threatening that if Plaintiff did not pay "...an attorney will personally review your account if it is deemed necessary by this law firm." This unlawful threatening language overshadowed the other language in the Letter.

19.     Defendant's act of sending Exhibit B violated the FDCPA, including 15 U.S.C. § 1692e(5) and (10).

20.     Defendant's acts in violation of the FDCPA caused Plaintiff damages, including emotional distress for which Plaintiff sought professional treatment.

Wherefore, Plaintiff prays that the Court:

A.      Empanel a jury of 12 to try all issues of fact;

B.      Grant Judgment against the Defendant:

    1.      For compensatory damages, including compensation for anguish, humiliation, embarrassment, emotional distress, and reasonable and necessary treatment thereof, all in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

    2.      For statutory damages in the amount of $1,000 for Defendant's violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

C.      Award Plaintiff her costs in this cause, including but not limited to her reasonable attorney's fees and other litigation costs pursuant to 15 U.S.C. § 1692k(a)(3);

D.    Tax the costs of the Court in this cause against Defendant; and

E.    Grant Plaintiff such other and further relief to which Plaintiff may be entitled or which the Court otherwise deems proper.

Respectfully submitted,

Mark N. Foster, BPR #023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333
*Attorney for Plaintiff*